**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

| | |
|---|---|
| **DONNA SUZANNE BONHAM,** | **Case No. 6-20-bk-02756-LVV** |
| **Debtor.** | **Chapter 13** |

_____

| | |
|---|---|
| **WHITE OAK PASTURES, INC.,** | **Adversary No._____** |
| **Plaintiff,** | |

**v.**

**DONNA SUZANNE BONHAM,**

  **Defendant.**

_____/

### CREDITOR, WHITE OAK PASTURES, INC.'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

Plaintiff/Creditor, WHITE OAK PASTURES, INC. ("White Oak"),

pursuant to 11 U.S.C. § 523(a)(2)(A), hereby files this adversary proceeding

against Defendant/Debtor, DONNA SUZANNE BONHAM ("Bonham"), seeking

an order determining that the judgment obtained by White Oak against Bonham is

excepted from discharge and alleges:

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.  This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2.      Venue in the Middle District of Florida is proper under 28 U.S.C. § 1409(a).

3.      This Adversary Proceeding relates to *In re Donna Suzanne Bonham Case No. 6-20-bk-02756-LVV* (the "Bankruptcy Case") now pending before this Court, wherein White Oak has been listed as an unsecured creditor by Bonham.

4.      On March 16, 2016 in *White Oak Pastures, Inc. v. BCCFL, LLC, Lake County Case Number 2015-CC-003468* (the "Original Lawsuit"), final judgment was entered in favor of White Oak and against BCCFL, LLC ("Original Debtor"), in the principal amount of $10,555.00 (the "Original Judgment"). (A copy of the Original Judgment is attached hereto and is incorporated herein as Exhibit "A").

5.      For all times relevant to the Original Lawsuit, Bonham was the sole member or manager of Original Debtor.

6.      Just prior to entry of the Original Judgment, Bonham caused Original Debtor to transfer all of Original Debtor's assets to a third party in exchange for payment to Bonham.

7.      The purchaser of Original Debtor's assets agreed to pay a total sum of $100,000.00 for the transfer with 50% of the payment due in cash at closing and the remaining 50% to be paid pursuant to a promissory note payable to Bonham individually. (A copy of the Bill of Sale and Note are attached hereto as Composite Exhibit "B").

8.      The transaction closed and Original Debtor thus transferred its assets to a third party and transferred the proceeds of the transaction to Bonham mere days before entry of the Original Judgment.  Such transfers were made with actual intent to hinder, delay, or defraud White Oak in White Oak's pursuit of the Original Lawsuit and collection of the Original Judgment.

9.      The transfer involving Original Debtor and Bonham was made after White Oak's service of a dispositive motion in the Original Lawsuit, and resulted in the insolvency of Original Debtor.

10.      Upon obtaining post-judgment discovery documents reflecting the transfer between Original Debtor, White Oak commenced Orange County Case Number 2019-CC-015815-O against Original Debtor and Bonham (the "Fraudulent Conveyance Lawsuit"), based on allegations of fraudulent conveyances made with the intent to hinder, delay, or defraud White Oak in White Oak's pursuit of collection of the Original Judgment.

11.     On April 9, 2019, final judgment was entered in favor of White Oak and against Bonham in the Fraudulent Conveyance Lawsuit in the principal amount of $9,903.75, together with interest at the rate of 6.57%. (A copy of the Fraudulent Conveyance Judgment is attached hereto and is incorporated herein as Exhibit "C").

12.     Among other findings in the Fraudulent Conveyance Judgment, the Court made a finding that White Oak was entitled to entry of final judgment for damages against Bonham for fraudulent conveyance.

13.     Pursuant to  11 U.S.C. § 532(a)(2)(A), an exception to discharge exists from any debt for money obtained by false pretense, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

14.     The debt owed to White Oak, as evidenced by the Fraudulent Conveyance Judgment, was obtained by actual fraud in that the debt arose from fraudulent conveyances in which Bonham participated.  Fraudulent conveyances are a form of actual fraud.  Husky International Electronics, Inc. v. Ritz, 136 S. Ct. 1581, 1587 (2016).

15.     Because the Fraudulent Conveyance Judgment relates to a debt for money obtained by actual fraud, the debt confirmed by the Fraudulent Conveyance Judgment is excepted from discharge pursuant to 11 U.S.C. § 532(a)(2)(A).

WHEREFORE, White Oak respectfully requests that this Court enter an order determining that White Oak's claim pursuant to the Fraudulent Conveyance Judgment is excepted from discharge in accordance with to 11 U.S.C. § 532(a)(2)(A), and that this Court provide any such further relief that the Court deems just and proper.

I hereby certify that on August 17, 2020, I electronically filed the foregoing and all attachments with the Clerk of the Court by using the CM/ECF system.

Respectfully submitted,

*/s/ William Grant Watson*
William Grant Watson
Florida Bar NO. 023805
Stone & Gerken, P.A.
4850 N. Highway 19A
Mount Dora, FL  32757
(352) 357-0330 / telephone
(352) 357-2474 / facsimile
Grant@StoneandGerken.com
Attorney for Plaintiff/Creditor, White Oak Pastures, Inc.